IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN C. BERKERY, SR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.  2:21-cv-01250-GEKP |
| | : | |
| EXPERIAN PLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OF LAW OF DEFENDANT UNITED NATIONAL CORPORATION**
<u>**IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**</u>

Dated:   June 29, 2021

 */s/ Jenny N. Perkins*
Jenny N. Perkins (I.D. No. 306498)
perkinsj@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street
51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.864.8378
Facsimile: 215.864.8999

*Attorneys for Defendant United National Corporation*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. PROCEDURAL HISTORY AND STATEMENT OF FACTS ..................................... 1

III. ARGUMENT .................................................................................................................. 2

    A. Standard for Dismissal under Rule 12(b)(6). ...................................................... 2

    B. Plaintiff Has Failed To State A Claim Against UNC. ......................................... 3

IV. CONCLUSION. .............................................................................................................. 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ................................................................................................................2

*Bonilla v. Am. Heritage Fed. Credit Union*,
  No. 20-2053, 2020 U.S. Dist. LEXIS 87634 (E.D. Pa. May 19, 2020) ....................................4

*Frederico v. Home Depot*,
  507 F.3d 188 (3d Cir. 2007) .......................................................................................................3

*Grohs v. Yatauro*,
  984 F. Supp. 2d 273 (D.N.J. 2013) ...........................................................................................2

*Lum v. Bank of Am.*,
  361 F.3d 217 (3d Cir. 2004) *abrogated in part on other grounds by Twombly*,
  550 U.S. .....................................................................................................................................2

*Morse v. Lower Merion Sch. Dist.*,
  132 F.3d 902 (3d. Cir. 1997) .....................................................................................................2

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*,
  140 F.3d 478 (3d Cir. 1998) .......................................................................................................2

*United States v. Kindred Healthcare, Inc.*,
  469 F. Supp. 3d 431 (E.D. Pa. 2020) .........................................................................................3

*Watkins v. ITM Records*,
  No. 14-cv-01049 RAL, 2015 U.S. Dist. LEXIS 96610 (E.D. Pa. July 23,
  2015) ..........................................................................................................................................3

**Other Authorities**

Federal Rule of Civil Procedure 8(a) ................................................................................................1

Federal Rule of Civil Procedure 9(b) .................................................................................1, 2, 3, 4

Federal Rule of Civil Procedure 12(b)(6) .........................................................................................2

Defendant United National Corporation, ("UNC"), by and through its undersigned counsel, submits this Memorandum of Law in support of its Motion to Dismiss Complaint ("Motion").

## I.  INTRODUCTION

Federal Rule of Civil Procedure 8(a) requires that pleadings consist of a "short and plain" statement for relief so that a defendant may be reasonably apprised of the allegations against it and a plaintiff's potential causes of action.  Plaintiff John C. Berkery's ("Plaintiff") complaint certainly is short, because it contains virtually no facts or specific allegations regarding Plaintiff's interactions, if any, with UNC.  In fact, there are no allegations related to UNC apart from its alleged location and alleged corporate relationship with co-defendant First Premier Bank ("First Premier).  No count alleged by Plaintiff relates directly to UNC.  By lumping "all defendants" together in Count Four, Plaintiff contends that UNC engaged in common law fraud.  However, Plaintiff fails to cite any specific allegations that comprise the elements of fraud and his pleading fails to satisfy Federal Rule of Civil Procedure 9(b), and further fails to mention any facts about UNC at all.  As such, Plaintiff's fraud claim against UNC fails and Plaintiff's claims against UNC should be dismissed with prejudice.

## II.  PROCEDURAL HISTORY AND STATEMENT OF FACTS

Plaintiff initiated this action against UNC by filing a Complaint in this Court on March 31, 2021.  *See* ECF No. 1.  UNC was served with the Summons and Complaint on April 28, 2021.

Other than stating the alleged address of UNC and that UNC is First Premier's parent company, the Complaint is completely devoid of any reference or factual allegation concerning UNC.  *See generally* Compl. ¶8 and ¶40.

2

## III. ARGUMENT

### A. Standard for Dismissal under Rule 12(b)(6).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges whether the complaint states claims upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint should be dismissed under Rule 12(b)(6) where no relief could be granted under any set of facts consistent with the allegations of the complaint. *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

When a complaint is challenged by a Rule 12(b)(6) motion, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Lum v. Bank of Am.*, 361 F.3d 217, 222 (3d Cir. 2004) *abrogated in part on other grounds by Twombly*, 550 U.S. at 570. Thus, in order to defeat a motion to dismiss under Rule 12(b)(6), a plaintiff cannot rely on unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d. Cir. 1997).[1]

Fraud claims must meet a heightened pleading standard under Fed. R. Civ. P. 9(b), which requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake

---

[1] Although Plaintiff is proceeding pro se, he still must plead facts that support his claim. *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (internal citations omitted) ("Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief.")

shall be stated with particularity." Fed. R. Civ. P. 9(b).  "To satisfy this heightened standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."  *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)(citing *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004)).  The plaintiff must also allege, "who made the purported misrepresentations and what specific misrepresentations and what specific misrepresentations were made." *Id*.

### B.    Plaintiff Has Failed To State A Claim Against UNC.

Although Plaintiff recognizes that his common law fraud claim invokes a heightened pleading standard under Federal Rule of Civil Procedure 9(b) (Compl. ¶ 52), he fails to adhere to it.  Plaintiff's fraud claim consists of the following sentence:

> In the pleadings as outlined above, all of the named defendants, have in one way or another, materially and falsely representations [sic], and thereby proximately cause injury to plaintiff by said reliance which was in actuality an attempt to extort money from plaintiff which was not legally owed.

*See* Compl. ¶ 53.  Plaintiff provides no facts or specific allegations relating to UNC.  He merely lumps all defendants together and claims "fraud."  This is improper and "lumping of different defendants together makes demonstrating a plausible claim for relief impossible."  *Watkins v. ITM Records*, No. 14-cv-01049 RAL, 2015 U.S. Dist. LEXIS 96610, at *6 (E.D. Pa. July 23, 2015).  "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *United States v. Kindred Healthcare, Inc*., 469 F. Supp. 3d 431, 453 (E.D. Pa. 2020) (citing *U.S. v. Corinthian Colleges*, 655 F.3d 984, 997-98 (9th Cir. 2011)).

To state a claim for common law fraud, a plaintiff must allege: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or

recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Bonilla v. Am. Heritage Fed. Credit Union*, No. 20-2053, 2020 U.S. Dist. LEXIS 87634, at *20-21 (E.D. Pa. May 19, 2020).  Simply stated, Plaintiff failed to provide any facts constituting any alleged fraud as required by Federal Rule of Civil Procedure 9(b).  Merely alleging that fraud has happened is insufficient.  Plaintiff's fraud claim fails as a matter of law and should be dismissed.

**IV.    CONCLUSION.**

For all of the foregoing reasons, Defendant United National Corporation, respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

Dated:   June 29, 2021

*Jenny N. Perkins*
Jenny N. Perkins (I.D. No. 306498)
perkinsj@ballardspahr.com
**BALLARD SPAHR LLP**
1735 Market Street
51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.861.7360
Facsimile: 302.252.4466

*Attorneys for Defendant United National Corporation*